Chief Justice Hobertson,
delivered the opinion of the court.
The facts of this case furnish a striking exemplification of the folly of those who, without being competent, solicit, or accept the charge of administering the affairs of the dead.
The appellant alleges in his bill in this case, that, as administrator of Coffield, lie had ignorantly paid to the distributees a much larger sum than he had ever received or was liable for; and, therefore, several 3'ears after the advances were made, he prays for a Settlement and restitution.
The appellees, who were defendants, faintly apd awkwardly require proof, and take refuge under the statute of limitations.
The circuit cwrrt dismissed the bill without prejudice, for a supposed want of jurisdiction.
Wc have no doubt that a court of equity was the proper tribunal for the decision of such a case.
But as the allegations of the bill were not admitted and there was no proof establishing the facts necessarj to enable the chancellor to decree relief, the appellant has no right to complain that his Bill was dismissed, for an improper reason, -without prejudice to another suit.
Crittenden, for appellant; Mills and Brorm^ for ap-. pellees.
What effect a former suit between the administrator and one of the distributees Would be entitled to have on this controversy, this court cannot' determine, as: that suit is barely alluded to in this record,- without even an intimation as to its particular object of" result-.
Unless this case had been prepared more vigilantly than it has, the circuit court could not have rendered a decree less injurious to th$ appellant, than that of which he now complains.
Decree affirmed.